```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BROUSSARD                                      CIVIL ACTION

VERSUS                                         NO: 15-1161

FIRST TOWER LOAN, LLC                          SECTION: "J" (4)
```

**ORDER**

Before the Court is Plaintiff's *Motion for Review of the Magistrate Judge's May 26, 2015 Order*. **(Rec. Doc. 32)** In the motion, Plaintiff argues that the Magistrate Judge erred in denying six motions to appear pro hac vice in the above-captioned matter. Specifically, Plaintiff argues that a court's ability to deny an application to appear pro hac vice is limited to cases where the applicant has been guilty of unethical conduct that would support disbarment of that applicant if he were admitted to the bar of the court. (Rec. Doc. 32, pp. 3-4) Otherwise, Plaintiff argues that the court must not substitute its judgment for that of the litigant even if, in the court's opinion, the applicants' services would be unnecessary or duplicative. Id. at 5-6 (citing Sanders v. Russell, 401 F.2d 241, 246 (5th Cir. 1968)).

The Magistrate Judge denied the motions at issue because granting them would result in nine attorneys appearing on Plaintiff's behalf in what appears to be an uncomplicated employment discrimination case pursuant to Title VII. The Court

concurs in this assessment and finds that the caselaw that Plaintiff cites to the contrary is distinguishable.[1] Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 11th day of June, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] In <u>Sanders</u>, the issue was whether a court could create a rule restricting nonresident lawyers' ability to practice in the state by subjecting them to greater requirements than the attorneys admitted to the court's bar, such as a rule (1) requiring pro hac vice applicants to have been barred for five years before submitting an application whereas those admitted to the court's bar only had to have a license, (2) limiting pro hac vice admissions to one annually, or (3) prohibiting attorneys temporarily residing in the state from being admitted pro hac vice. <u>Sanders</u>, 401 F.2d at 243, 245-46. Here, the Court does not place any such general limitations on pro hac vice admissions, but rather denies the applications to promote the fair and efficient administration of justice. To read <u>Sanders</u> to stand for the broad proposition that a court may never deny a pro hac vice application absent a severe ethical violation is untenable; such a rule would require the court to accept limitless applications, robbing it of its inherent power to control the disposition of its docket. Furthermore, here, unlike in <u>Sanders</u>, the Court's actions are not contrary to an act of Congress, because the Court's decision will not hinder proceedings in vindication of Plaintiff's rights.