UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRISTAN BROUSSARD,** | **CIVIL ACTION NO:** |
| Plaintiff, | **2:15-cv-01161** |
| v. | **SECTION: J** |
| **FIRST TOWER LOAN, LLC,** | **JUDGE BARBIER** |
| Defendant. | **MAG. SHUSHAN** |
| | <u>**JURY DEMAND**</u> |

**Consolidated With**

**FIRST TOWER LOAN, LLC, et al.**   Civil Action No. 2:15-cv-02500-CJB-SS
Plaintiff,                         Section "J" (1)
v.
**TRISTAN BROUSSARD,**
Defendant.

---

**EEOC'S MEMORANDUM IN
SUPPORT OF MOTION TO LIFT STAY OF EEOC'S CLAIMS**

---

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT.

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), submits this memorandum in support of its motion to lift the stay of the EEOC's claims, as invited by the Court.[1] It has become clear, by virtue of the arbitration scheduling order (Exhibit 1), that the stay issued by this Court can no longer serve its stated purposes. The stay should therefore be lifted forthwith.

The Court initially stayed the EEOC's claims on December 10, 2015. ECF No. 113. The EEOC has throughout these proceedings opposed the stay of its claims. On March 8, 2016, the Court issued an Order limiting the stay to six additional months and stating that it was issued under the Court's discretionary authority under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). ECF No. 123.[2] The stay expires under its own terms on September 8, 2016, absent good cause shown for an extension. *Id*. That date is approximately nine months after the EEOC's claims were first stayed.

The Court set forth two reasons in ECF No. 123 for the discretionary stay.[3] One basis for the stay was to avoid the possibility that this Court's rulings could influence the arbitrator's decisions.[4] The arbitration has been scheduled to occur on September 7-9, 2016. The stay expires on September 8, 2016. It is therefore not possible that this Court would issue a judgment which would influence the arbitrator's decision. Accordingly, this stated reason for the stay no

---

[1] ECF No. 123 at 20-21 (EEOC is "free" to seek lifting of stay "at any time").

[2] When Defendant moved for a stay of the EEOC's claims, it relied almost exclusively on the Federal Arbitration Act ("FAA"). Defendant did not meaningfully discuss any case law supporting a discretionary stay in its motion to stay. In ECF No. 123, the Court made clear that the stay was not issued under the FAA.

[3] *Landis* requires the court to "weigh competing interests and maintain an even balance." *Id*. At 255. The additional factors stated by the Court — that the arbitration claims and litigation claims may "involve identical operative facts" or "significantly overlap" — are in themselves not indicative of the stay's harm or benefit to either party.

[4] The EEOC respectfully suggests that influence on the arbitrator of judgments from this Court would not constitute harm to any party.

longer exists. The status quo now and on September 8, 2016, when the stay is scheduled to end, are the same relative to influence on the arbitrator. As such, maintenance of the stay would only cause additional delay and harm to the EEOC. Defendant cannot satisfy its burden to show pressing need for continuation of the stay, nor can it show that lifting the stay would result in clear inequity or hardship as required under *Landis*.

The other purpose for the stay identified by the Court — possible benefit to the parties through preclusive effect of the arbitration — has also been eliminated. It is impossible for the arbitration to have any preclusive effect by the end of the stay. The arbitration scheduling order establishes that there will not be a final arbitral award by the end of the stay. Therefore, again, continuation of the stay from now until September 8, when it is set to expire, will serve no purpose other than harmful delay.

Defendant bears the burden under *Landis* to show a clear inequity or hardship in the absence of the stay to justify its continuance.[5] No such inequity or hardship exists. Meanwhile, the EEOC and the public interest continue to be harmed by delay. The EEOC has a statutory obligation to proceed on behalf of the public interest. The Commission's General Counsel certified this matter as one of general public importance, for the first time in more than ten years. Title VII directs courts "to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited." 42 U.S.C. § 2000e-5(f)(5). Part of the relief which the EEOC seeks is to enjoin Defendant's continued violation of Title VII. Delay of such relief harms the public interest. Under a *Landis* balancing of Defendant's "need" for the stay against the harm to the EEOC and the public interest, the stay should be lifted.

---

[5] *Landis*, 299 U.S. at 255.

## II. THERE IS NO DANGER THAT THE COURT'S JUDGMENTS IN THIS MATTER WOULD INFLUENCE THE ARBITRATOR.

As noted, the Court ruled that the stay would expire under its own terms — on September 8, 2016 — "unless good cause be shown for an extension . . . ." ECF No. 123 at 20. Explaining the basis for the stay, the Court stated:

> Because the arbitration and litigation involve common, likely identical, questions of law and fact, resolving the EEOC's claims would resolve issues that the arbitrator will decide in Broussard's arbitration. An arbitrator may find that Tower Loan did not discriminate against Broussard based on sex and is therefore not liable for any damages. However, this Court potentially reaching the conclusion that Tower Loan violated Title VII would affect the arbitration. Given the binding effect of a federal judgment, as well as the factual similarities in Broussard's and the EEOC's claims, the arbitrator would necessarily be strongly influenced to follow the Court's determination.

ECF No. 123 at 17. Thus, the Court based its discretionary stay on the concern that judgments by this Court could influence the arbitrator's decision. That possibility has been eliminated by the passage of time and the scheduling of the arbitration for September 7-9. If the stay were lifted now, this Court would not have issued any judgments on the merits by September 8. There is, therefore, no danger — even in the absence of a stay — that the arbitrator would be influenced by this Court's decisions. As such, this stated reason for the stay no longer exists.

Under *Landis*, "the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (granting mandamus because stay was abuse of discretion). Tower here is the suppliant advocating maintenance of the stay and continues to bear the burden to justify it.[6] As the Supreme Court has stated:

---

[6] *See In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (unpublished) ("Although the district court sua sponte stayed Beebe until after Cogan is tried, Respondents now fully embrace that decision and have become its foremost (not to mention **only) overt advocate** on appeal. As such, **they have essentially become the suppliant for maintaining the stay**, and [a] party who seeks a stay **bears the burden of justifying a delay** tagged to another legal proceeding . . . .") (quotation marks omitted, emphasis added).

- 3 -

> [T]he suppliant for a stay must make out a **clear case of hardship or inequity in being required to go forward**, if there is even a fair possibility that the stay for which he prays will work damage to someone else. **Only in <u>rare circumstances</u> will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both**. Considerations such as these, however, are counsels of moderation rather than limitations upon power.

*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added).

This Court has cogently recognized that the initial limits of the stay are critical to its continuing legitimacy:

> *Landis* makes a stay unlawful that is not "so framed in its inception that its force will be spent within reasonable limits.... **When those limits have been reached, the fetters should fall off**." *Landis*, 299 U.S. at 257. **Thus the limit set in the stay order itself is an important one that dictates the stay's legitimacy**.

*In re Papst Licensing GmbH*, No. CIV.A. 99-MD-1298, 2006 WL 4017753, at *2 (E.D. La. Oct. 23, 2006) (Barbier, J.) (emphasis added). In *Papst*, this Court declined to extend the stay. It is a *fait accompli* that continuation of the stay will not further serve its intended purposes. Once the reasons for a stay cease to exist, the stay should be lifted.[7] The Fifth Circuit has stated that "whether or not a stay is 'immoderate' is a function of two variables — the scope of the stay, and the reasons cited for ordering it." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976).[8] As this Court acknowledged in *Papst*, when the original limits of the stay — which include the reasons for its existence as well as its temporal scope — have been exceeded, the fetters should fall off. So it is here.

---

[7] *See also Marsh v. Johnson*, 263 F. Supp. 2d 49, 52-53 (D.D.C. 2003) ("... the circumstances have changed such that the court's reasons for imposing the stay no longer exist. Therefore, the court exercises its discretion to sua sponte lift the stay, retroactive to the date of the defendant's first filed motion.") (citations omitted); *j2 Glob., Inc. v. Integrated Glob. Concepts, Inc.*, No. CV 12-03439 DDP PLAX, 2013 WL 3272922, at *2 (C.D. Cal. June 27, 2013) ("Because conditions have changed since the Court ordered the stay, lifting it is appropriate. *Canady*, 271 F.Supp.2d at 74."); *United States v. Miljus*, No. CIV. 06-1832PK, 2007 WL 4287608, at *5 (D. Or. Dec. 3, 2007) ("In light of the bankruptcy court's decision to abate its own proceedings, the reasons cited in this court's Findings and Recommendation of June 27, 2007(# 44), for imposing a stay are no longer applicable. *See, e.g.*, 11 U.S.C. § 362; *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This court therefore recommends that the United States' motion (# 49) be granted, and that the stay of these proceedings be lifted.")

[8] *See also Castano v. Am. Tobacco Co.*, 889 F. Supp. 904, 906-07 (E.D. La. 1995) (citing *Hines* for the same proposition).

- 4 -

Continued delay harms the EEOC and the public interest. During the stay, the EEOC is unable to enforce the law with respect to this matter, and Defendant's violation of Title VII continues unabated. *Papst* counsels that where the proponent of the stay cannot show a "a clear case of hardship or inequity in proceeding before this Court," 2006 WL 4017753, at *2, a stay is not warranted. Under a *Landis* balancing, the harm to the EEOC outweighs Defendant's nonexistent need for the stay. Therefore, *Landis* requires that the stay be lifted.

### III. THERE IS NO POSSIBILITY OF PRECLUSIVE EFFECT FROM THE ARBITRATION BY THE END OF THE STAY.

The other stated purpose of the stay is the possible preclusive effect of the arbitral proceedings. The Court states, "the potential preclusive effect of the arbitral proceedings in litigation may benefit the parties and avoid the waste of judicial resources." ECF No. 123 at 19.[9] However, it is not possible for the arbitration to have preclusive effect by the end of the stay. Self-evidently, there will not be a confirmed, appealed arbitration award by September 8. The fact that the hearing is scheduled to end on September 9 indicates that there will not be an arbitral award of any kind by the end of the stay on September 8. Neither the arbitration

---

[9] The Court noted, "The December 9, 2015 Order and Reasons explicitly stated that the issue of res judicata was not before the Court, and therefore the Court did not determine whether an arbitration judgment would have a preclusive effect on any claims or issues in the litigation." ECF No. 123 at 18, n.5. The EEOC maintains that collateral estoppel may not be applied against the government based on litigation or arbitration between private parties. However, the Commission understands that the Court has not yet decided that question and accordingly does not brief it here. Significantly, if the Court were later to decide — in the context of deciding whether to extend the stay — that the arbitration may have preclusive effect against the EEOC, then the proper standard for determining whether a stay is appropriate would be the *Colorado River* abstention doctrine, rather than *Landis*. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. *See supra*, at Part IV D; *McNeese v. Board of Education*, 373 U.S. 668, 674–676, 83 S.Ct. 1433, 1437–38, 10 L.Ed.2d 622 (1963). Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."); *Morvant v. Maryland Cas. Co.*, 2014 WL 2739423, at *7 (E.D. La. June 17, 2014) (Africk, J.); *Fishman Jackson PLLC v. Israely*, No. 3:15-CV-2897-G, 2016 WL 1436431, at *5 (N.D. Tex. Apr. 12, 2016); *American Guarantee & Liability Insurance Company v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005).

agreement nor the scheduling order specifies when a decision must be made. At best for Defendant, any arbitral award extant by September 8 would be unconfirmed and unappealed.

It has been recognized that neither the Supreme Court nor any Court of Appeals has ever given preclusive effect to an unappealed arbitration award.[10] An unappealed arbitral award will have no preclusive effect in this matter and, therefore, could not possibly avoid the waste of judicial resources here. Defendant does not appear to contend that an unappealed arbitration award can have preclusive effect.

It is therefore beyond cavil that the stay cannot have its intended purpose in regard to preclusion by September 8. The preclusive effect of the arbitration today is identical to what it will be on the day the stay expires — none. Accordingly, the stay will hereafter yield no benefit to Defendant and serves only to harm the EEOC and the public interest. Again, balancing under *Landis* compels the conclusion that Defendant cannot make the showing required to maintain the stay. Thus, the stay should be lifted forthwith.

## IV. CONCLUSION.

The Court identified two purposes of the stay. It can no longer serve either purpose, in light of the passage of time and the scheduling of the arbitration hearing. The stay will expire on September 8 and cannot serve any beneficial purpose between now and then. Because the stay can only serve to cause delay which harms the EEOC, it should be lifted now.

**WHEREFORE**, the EEOC respectfully requests that the Court grant the motion and lift the stay.

---

[10] *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 630-31 (6th Cir. 2014) *cert. denied*, 135 S. Ct. 1565, 191 L. Ed. 2d 640 (2015) ("Neither the Supreme Court nor our circuit has held that an unreviewed arbitration award bars the later litigation of a claim not subject to the arbitration. Nor are we aware of another circuit so holding.").

Respectfully submitted,

/s/ Gregory T. Juge
**GREGORY T. JUGE**
Supervisory Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Direct line: (504) 676-8239
Fax: (504) 595-2886
gregory.juge@eeoc.gov


/s/ Eduardo Juarez
**EDWARD JUAREZ (T.A.)**
Supervisory Trial Attorney
Texas State Bar No. 24014498
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
Direct Line: (210) 281-7613
Facsimile: (210) 281-7669
eduardo.juarez@eeoc.gov

**ALEXANDRA NAVARRE-DAVIS**
Trial Attorney
La. Bar Roll No. 35000
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Direct line: (504) 595-2914
Fax: (504) 595-2886
alexandra.navarre-davis@eeoc.gov

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on counsel of record for all parties via the Court's ECF system on this 31st day of May, 2016.

/s/ Gregory T. Juge