UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRISTAN BROUSSARD,**<br>    Plaintiff,<br><br>A n d<br><br>**U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,**<br>    Plaintiff-Intervenor,<br><br>v.<br><br>**FIRST TOWER LOAN, LLC d/b/a<br>TOWER LOAN OF LAKE CHARLES,**<br>    Defendant. | **Civil Action No. 2:15-cv-01161-CJB-SS<br>c/w 2:15-cv-02500-CJB-SS<br>"J" (1)** |

## CONSENT DECREE

This action was instituted by Plaintiff-Intervenor, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), against First Tower Loan, LLC ("Defendant"). The Commission alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The complaint alleged that Defendant terminated the employment of Tristan Broussard ("Broussard"), who is transgender, because of sex, based on perceived nonconformity with gender stereotypes and/or his gender identity. Defendant has not admitted and specifically denies that it engaged in any unlawful employment practices.

The EEOC and Defendant now wish to settle all claims or controversies encompassed by or which could have been brought in this action, without the burden, expense, or delay of further litigation, pursuant to the terms delineated in this Decree. The terms of this Decree were reached

1

by a process of negotiation and compromise. The EEOC and Defendant agree that the terms of this Decree represent the result of good faith negotiations by both parties.

NOW, **THEREFORE**, in consideration of the mutual promises and agreements between the Parties, as set forth herein, the sufficiency of which is hereby acknowledged, the Parties request and the Court agrees to **ORDER, ADJUDGE AND DECREE** as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC against Defendant, venue is proper, and all administrative prerequisites to the EEOC's filing have been met.

2. The Court stayed the EEOC's action against Defendant on December 10, 2015 based on an arbitration agreement Charging Party Broussard had signed with Defendant. On November 23, 2016, Charging Party was awarded $43,162 in economic damages and $10,000 in emotional distress damages in arbitration. The Court lifted its stay on July 14, 2017.

3. The Parties agree that this Decree resolves all claims brought or which could have been brought by the EEOC arising out of EEOC Charge Number 550-2013-01392 and/or the instant civil action. The EEOC waives further litigation of the claims raised in this civil action concerning Broussard. The EEOC expressly reserves its right, however, to process and litigate any other charges which may currently be pending or in the future may be filed against Defendant.

4. Neither the negotiations leading to, the execution of or the entry of the Decree shall constitute an acknowledgement or admission of any kind by Defendant that its officers, agents, or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation, or order.

5. During the term of this Decree, Defendant, its officers, successors, and assigns, and all persons in active concert or participation with it/them will not engage in any employment practice which discriminates on the basis of gender identity, transgender status, or sex stereotyping.

6. Within sixty (60) days of the entry of this Decree, Defendant shall review and revise its existing EEO policies and practices and confirm that such policies and practices conform to the law. The written EEO policies must include at a minimum:

    a. A commitment to preventing unlawful sex discrimination, including, but not limited to, prohibiting discrimination based on sex-stereotyping, gender identity, and transgender status;

    b. A commitment to preventing unlawful harassment including, but not limited to, harassment based on sex, sex-stereotyping, gender identity, and transgender status;

    c. An explanation that prohibited behavior will not be tolerated from its employees, customers, agents, contractors, sub-contractors, clients, and any other persons present at any of the Defendant's locations;

    d. An encouragement of persons who believe they have been discriminated to report such concerns;

    e. An explanation that employee concerns about discrimination may be raised with any manager, any HR representative, any Defendant executive, or through an employee hotline;

    f. An explanation that employees will not be required to complain of discrimination directly to the individual that is engaged in the discriminatory behavior;

    g. An explanation of the steps an employee must take to report discrimination, which must include the options of either an oral or written complaint;

    h. An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable;

    i. An assurance that appropriate corrective action will be taken by Defendant to eradicate any unlawful conduct within its workforce;

    j. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies; and

    k. A requirement that supervisors and managers report any complaints about harassment or discrimination to Defendant's Human Resources office.

  7. All of Defendant's employees, including Branch Managers, Manager-Trainees, and Human Resources personnel, in attendance at the next scheduled Branch Manager and Manager-Trainee meetings, shall participate in EEO training — conducted by a qualified employment law attorney or Human Resources professional with at least five years of experience in employment discrimination and/or EEO issues — of not less than one hour. During the term of this Decree, Defendant will ensure that each employee is trained annually at a minimum with the first training to be held within six (6) months after the entry of the Decree. The training shall include: (a) the types of sex-based employment decisions; (b) the Defendant's policy and procedures for reporting alleged discrimination; (c) understanding the kind of conduct which may constitute unlawful sex discrimination, including discrimination based on sex-stereotyping and/or gender nonconformity (as gender nonconformity is described and defined in *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444 (5th Cir. 2013)); and (d) the penalties of engaging in discriminatory behavior.

  Within twenty (20) days after the training has been completed, Defendant shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training, who conducted the training, and the date.

  8. Within ten (10) days from the entry of this Decree, Defendant shall post a copy of the Notice attached as Exhibit "A" to this Decree at Defendant's Lake Charles, Louisiana branch, in a conspicuous location easily accessible to and commonly frequented by employees. The

Notice shall remain posted for the 18 months duration of this decree. Defendants shall ensure that the postings are not altered, defaced or covered by any other material.

9. During the term of this Decree, the EEOC may take reasonable measures to ensure compliance with the terms of this Decree.

10. With the exception of paragraphs 1-3 and 9-15 of this Decree, Defendant shall bear the costs associated with administering and implementing the provisions of this Decree.

11. Should any provision of this Decree be declared invalid or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Decree.

12. This Decree sets forth the entire agreement between the EEOC and Defendant as to the captioned lawsuit and fully supersedes any and all prior agreements or understandings between the EEOC and Defendant pertaining to the subject matter herein.

13. The terms of this Decree shall be binding upon the EEOC, Defendant, and their respective agents, officers, employees, servants, successors, and assigns as to the issues resolved in this civil action. Unless otherwise noted, the terms of this Decree apply to all of Defendant's facilities or offices and to any additional facilities or offices which Defendant opens during the duration of this Decree.

14. The duration of this Decree ("compliance period") shall be 18 months from the date of its entry by the Court. In the event that the Parties believe that the other Party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other Party of the alleged non-compliance and shall afford the alleged non-complying party twenty (20) business days to remedy the alleged non-compliance or to satisfy the complaining Party that the alleged non-

complying Party has complied. If the alleged non-complying Party has not remedied the alleged non-compliance or otherwise satisfied the complaining Party that it has complied within twenty (20) business days, the complaining Party may apply to the Court for appropriate relief. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification, and/or adjudication of disputes. The EEOC shall have until two months after the expiration of the compliance period of this decree to seek relief with this Court in regard to any alleged violation of the Decree.

15. The parties to this Decree shall bear their own costs and attorney's fees incurred in this action.

16. When this Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed or emailed to Eduardo Juarez, Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Rd., Suite 200, San Antonio, TX 78229-3555, EDUARDO.JUAREZ@EEOC.GOV.

SO ORDERED AND ENTERED this 5th day of October, 2017.

_____
HONORABLE CARL BARBIER
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

**This NOTICE is being posted pursuant to a Consent Decree entered in *Broussard v. First Tower Loan, LLC,* Civil Action No.: 2:15-cv-01161-CJB-SS c/w 2:15-cv-02500-CJB-SS. This NOTICE will be conspicuously posted for a period of 18 months at the Lake Charles, Louisiana branch. It must not be altered, defaced, or covered by any other material.**

1. Federal law, including Title VII of the Civil Rights Act of 1964, makes it unlawful for an employer to discriminate based upon sex including treating differently or harassing an employee because of stereotypes about how a person of his or her sex should look or act. The U.S. Equal Employment Opportunity Commission's ("EEOC") position, in accordance with some federal courts, is that this prohibition includes treating differently or harassing an employee because of his or her gender identity or transgender status.

    First Tower Loan, LLC strongly supports and will comply with such Federal law in all aspects and it will not take any action against employees because they have exercised their rights under the law by filing charges with the EEOC. Sex discrimination occurs when an employment decision is made based on a person's sex including pregnancy and/or sex/gender stereotyping rather than on legitimate factors. The EEOC's position, in accordance with some federal courts, is that sex discrimination may also occur when an employment decision is made based on a person's sexual orientation or gender identity rather than on legitimate factors.

    Some examples of conduct that the EEOC views as unlawful sex discrimination include:

    - Denying an employee, a promotion because <u>the employee is a transgender male or is a transgender female</u>.

    - Firing an employee because the employee is planning <u>gender transition</u>.

    - Failing to hire an applicant because the applicant is a <u>transgender woman</u> or a <u>transgender male</u>.

    - Discriminating in <u>terms, conditions, or privileges of employment</u>, such as providing a lower salary, towards an employee because of sexual orientation.

    - <u>Harassing</u> an employee because of his or her sexual orientation or transgender status, for example, by derogatory terms, sexually oriented comments, disparaging remarks for associating with a person of the same or opposite sex, or intentional misuse of gender pronouns when referring to transgender employees.

7

- Harassing an employee because of a gender transition, such as by intentionally and persistently failing to use the name and gender pronoun that correspond to the gender identity with which the employee identifies, and which the employee has communicated to management and employees.

- Discriminating against or harassing an employee because of his or her sexual orientation, or gender identity, in combination with another unlawful reason, for example, on the basis of race or disability.

This list is in no means exhaustive. There are other forms of sex discrimination.

2. If you believe you are being discriminated against in any term, condition or privilege of your employment because of your race, religion, color, national origin, sex, including pregnancy and/or sexual orientation, and/or gender identity or that you are being retaliated against for having engaged in Title VII-protected activity, you are encouraged to seek assistance or to report the alleged act as soon as possible to your immediate supervisor. Supervisors who are informed of an alleged incident of discrimination and/or retaliation have been instructed to immediately notify the Human Resource Department.

   In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the EEOC. Information about the EEOC procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

3. No retaliatory action may be taken against you for seeking assistance, filing a charge, or communicating with the EEOC.

4. EEOC enforces Title VII of The Civil Rights Act of 1964, which prohibits employment discrimination based on race, color, religion, sex or national origin; the Age Discrimination in Employment Act; the Equal Pay Act; sections of the Civil Rights Act of 1991; and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments.